FRANCIS TORQUE, PLAINTIFF, v. LEOPOLD CAR-RILLO, DEFENDANT.

IT IS NOT ERROR FOR COURT TO INSTRUCT JURY upon their returning into court and asking for further instructions, although defendant's counsel is not at the time present, provided the defendant himself is present.

VERDICT OF JURY MAY BE RECEIVED IN ABSENCE OF COUNSEL for the defendant.

AFFIDAVIT OF JUROR IS NOT ADMISSIBLE TO IMPEACH VERDICT of the jury, where the minutes of the court show that the verdict was in writing, signed by the foreman, that it was recorded by the clerk in the presence of the jury, that it was then read to them by the clerk, who asked them if that was their verdict, and they answered that it was.

APPEAL from the district court of the first judicial district, Pima county. The facts appear from the opinion.

*Farley* and *Pomroy*, for the appellant.

Believing that the points set forth in the transcript, with one exception, are sufficiently clear upon their face without adducing authorities upon them, we proceed at once to take up and discuss the proposition No. 2 therein, viz.: Insufficiency of the evidence to justify the verdict, which is one of the grounds assigned by our statute upon which a new trial may be granted.   Comp. Laws, 415.

1. There was no evidence introduced showing fraud, malice, or oppression on the part of the defendant; therefore the measure of compensation was matter of law, and the plaintiff was not entitled to vindictive or exemplary damages.   Sedgwick on Measure of Damages, 515.

2. There was no evidence introduced as to the damages resulting to the plaintiff from the injuries he had sustained, and the jury could not proceed to give compensatory damages for loss of any kind to the plaintiff, if they were unaware of the amount of that loss.   Where there is no malice or negligence shown on the part of the defendant, the rule is: The proper measure of damages is the amount of loss the party has sustained by the injury; it may be for loss of time, for medical attendance, or any of the necessary expenditures directly resulting from the injury received.   Sedgwick on Measure of Damages, 25.

3. But the evidence showed that the plaintiff committed the first assault, and that in the scuffle which resulted from the efforts of the defendant to defend himself plaintiff received the injuries complained of.   That the injury was an accident, of which accident the plaintiff was the first cause, and the general rule is, that it is a justification to the defendant that the prosecutor or plaintiff gives the first blow; but the resistance ought to be in proportion to the injury received.   *Elliott* v. *Brown*, 2 Wend. 500; *Scribner* v. *Beach*, 4 Denio, 448; Sedgwick on Measure of Damages, 101, 534, 540, 637; Whart., sec. 1258; Hilliard on Torts, 181.

*Briggs, Goodrich,* and *McCaffry & Clark,* for the respondent.

All intendments must be in favor of sustaining the judgment of courts of original jurisdiction, and to disturb such judgments, it is not sufficient that error may have intervened,

but it must be affirmatively shown by the record.  *Nelson* v.
*Lemmon*, 10 Cal. 49.

The presumption of law is that the evidence warranted
the verdict.  *Doll* v. *Anderson*, 27 Cal. 248.

A motion for a new trial is addressed to the sound legal
discretion of the court.  *Hall* v. *Bark Emily Banning*, 33
Cal. 522.

When the charge of the court, taken as a whole, fairly
submitted the case to the jury, the judgment will not be
disturbed because some instructions were refused which
could properly have been given, and that some of those
given are subject to verbal criticism.  *Brooks* v. *Crosby*, 22
Cal. 42.

Every intendment must be in favor of a decision of the
court below.  *De Johnson* v. *Sepulbeda*, 5 Cal. 149.

The verdict of a jury can not be impeached by the affida-
vits of the jurors, except when the verdict is arrived at by
resort to the determination of chance.  *Boyce* v. *Cal. Stage
Co.*, 25 Cal. 460.

By the COURT:

The appeal is from the judgment and from the order of
the court denying a motion for a new trial.  The action was
for damages for personal injuries charged by the plaintiff to
have been inflicted by the defendant upon the plaintiff.

The complaint charges that the plaintiff was of the age of
seventy years, in feeble health, and having previously lost
the sight of one of his eyes before the injuries complained
of were inflicted by the defendant.  That the defendant
made a violent assault upon his person, by means of which
his remaining eye was destroyed.  Plaintiff asked for dam-
ages in the sum of twelve thousand dollars.

The answer alleges that the plaintiff made the first assault,
and denies that the defendant did in any manner wound or
hurt the plaintiff.  The jury rendered a verdict in favor of
plaintiff for the sum of two thousand dollars.

Among other matters, it is assigned as error by counsel
for the appellant: "That after the case had been given to
the jury and they had retired, they returned into court and
asked for and received instructions from the court in the
absence of the defendant's counsel; also, that the verdict

of the jury was received in the absence of the defendant's counsel, and that on neither of these occasions was the counsel for the defendant called." It does not, however, appear from the statement that the defendant himself was absent on either of the occasions referred to.

It was not error for the court to give instructions to the jury upon their returning into court, as stated in the transcript, in the absence of the counsel for the appellant, if the defendant was himself present, and his presence will be presumed unless his absence is shown. Comp. Laws, 412, sec. 170. Though the proper and better practice is, in such cases, that the counsel be called. Nor was it error to receive the verdict of the jury in the absence of counsel for the defense.

There is no provision upon the subject in the civil practice act, and no authority is cited by counsel sustaining the position that so to receive the verdict is erroneous.

An affidavit of one of the jurors was incorporated in the statement on which the motion for a new trial was based, to the effect that he, the juror, did not agree to the verdict.

The minutes of the court show that the verdict was in writing, signed by the foreman of the jury, that it was recorded in the presence of the jury, was then read to the jury by the clerk, and the jury asked if that was their verdict, and they said it was. It is not admissible in such a case to receive an affidavit of a juror to impeach the verdict. There was no error in the instructions given by the court; on the contrary, we think the law of the case was clearly stated in the charge of the court.

Insufficiency of the evidence to justify the verdict was one of the grounds upon which the motion for a new trial was urged, and, as it appears to us, much the strongest if not the only plausible ground upon which the motion for a new trial was based.

The evidence as set out in the statement is certainly very meager upon the question as to the responsibility of the defendant for the injuries received by the plaintiff in the altercation, but we are not prepared to say that the jury might not, from the evidence, believe the defendant responsible for the injuries received by the plaintiff.

The judgment must be affirmed, and it is so ordered.